1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFF PUTHUFF, | ) | 1:05cv00617 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| v. | ) | |
| | ) | (Document 9) |
| LEHAHAN LAW OFFICE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

     Plaintiff Jeff Puthuff ("Plaintiff") filed the instant motion for default judgment on August 3, 2005.  Defendant Lenahan Law Office ("Defendant") has not filed a response or otherwise communicated with the Court.  On September 13, 2005, the Court granted Plaintiff's request to waive oral argument and the hearing set for September 16, 2005, was vacated.

## BACKGROUND

    Plaintiff filed his complaint on May 3, 2005, alleging that Defendant, a debt collector, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., in attempting to collect on a debt allegedly owed by Plaintiff to Chase Manhattan Bank. Specifically, Plaintiff alleges (1) two violations of 15 U.S.C. § 1692c(a)(1) based on Defendant's contact of Plaintiff at an unusual time without court permission; (2) unauthorized communication with a third party, in violation of 15 U.S.C. 1692c(b); and (3) violation of 15 U.S.C. § 1692e(5)

1   and 1692e(10) based on Defendant's communication of a threat.  Plaintiff requests statutory

2   damages in the amount of $1,000.00 and reasonable attorneys fees and costs.

3          On July 18, 2005, Plaintiff filed a proof of service indicating that the complaint and

4   summons was served on Defendant on June 21, 2005.

5          Defendant has not filed an answer or otherwise appeared in this action.

6          On August 3, 2005, Plaintiff filed the instant motion for default judgment.[1]  Plaintiff

7   requests entry of default and entry of default and judgment in the amount of $8,015.88

8   ($2,000.00 in statutory damages, $5,640.00 in attorney's fees and $375.88 in costs).[2]

9   Defendant has not opposed this motion.

10                                     **DISCUSSION**

11  A.    Legal Standard

12         Rule 55(b) of the Federal Rules of Civil Procedure provides that judgment by default

13  may be entered as follows:

14                 (1)     By the Clerk.  When the plaintiff's claim against a defendant is
                   for a sum certain or for a sum which can by computation be made certain,
15                 the clerk upon request of the plaintiff and upon affidavit of the amount due shall
                   enter judgment for that amount and costs against the defendant, if the defendant
16                 has been defaulted for failure to appear and if he is not an infant
                   or incompetent person.

17
                   (2)     By the Court.  In all other cases the party entitled to a judgment
18                 by default shall apply to the court therefor; but no judgment by default
                   shall be entered against an infant or incompetent person unless represented
19                 in the action by a general guardian, committee, conservator, or other such
                   representative who has appeared therein. If the party against whom judgment by
20                 default is sought has appeared in the action, the party (or, if appearing by
                   representative, the party's representative) shall be served with written notice
21                 of the application for judgment at least 3 days prior to the hearing on such
                   application. If, in order to enable the court to enter judgment or to carry it into
22                 effect, it is necessary to take an account or to determine the amount of
                   damages or to establish the truth of any averment by evidence or to make an
23                 investigation of any other matter, the court may conduct such hearings or order
                   such references as it deems necessary and proper and shall accord a right of trial
24                 by jury to the parties when and as required by any statute of the United States.

25  _____

26         [1] Defendant filed two first amended motion for clarification of electronic filing errors.

27         [2] Plaintiff titled the motion as an application for default judgment by the Court, but request clerk's entry of
    default and default judgment for a sum certain pursuant to Federal Rule of Civil Procedure 55(b)(1).  The Court
28  construes this motion as a request for the Court to enter default and default judgment pursuant to Federal Rule of
    Civil Procedure 55(b)(2).

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Telvideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Service of summons and the complaint in this action was made on Defendant on June 21, 2005.  True and correct copies of the Proof of Service were filed with this Court on July 18, 2005.

The defaulting Defendant is not an infant, incompetent person, person in military service or otherwise exempt from the default judgment under the Soldiers and Sailors Default Relief Act of 1940.  Accordingly, the Court recommends that the Clerk enter default accordingly.

B.      Plaintiff's Claims

         Plaintiff requests default judgment for violations of the FDCPA and the California Rosenthal Fair Debt Collections Practices Act, Cal. Civil Code section 1788, et seq.  As a threshold matter, although the complaint reference the Rosenthal Fair Debt Collections Practices Act, each cause of action is pled under the FDCPA and relief is requested pursuant to the FDCPA.  Accordingly, the Court will only address Plaintiff's claims under FDCPA and related request for damages.  Dundee Cement Co., 722 F.2d at 1323 (citations omitted) ("As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" ).

1.      15 U.S.C. § 1692c(a)(1)

15 U.S.C. § 1692c(a)(1) provides as follows:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

Plaintiff alleges that on July 13, 2004, and July 14, 2004, Defendant contacted Plaintiff by telephone before 8 o'clock antemeridian, local time at Plaintiff's home, without the direct, prior consent of Plaintiff or the express permission of a court of competent jurisdiction.  Compl., ¶¶ 16, 17, 22, 23.

       2.       15 U.S.C. § 1692c(b)

15 U.S.C. § 1692c(b) provides as follows:

(b) Communication with third parties:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

In his Complaint, Plaintiff alleges that during the July 13, 2004, communication, Defendant spoke with Plaintiff's grandmother and revealed details about Plaintiff's alleged debt.  Compl., ¶ 18.  Plaintiff alleges that this third-party communication was without the prior consent or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  Compl., ¶ 19.  Plaintiff further alleges that this communication was not provided for in 15 U.S.C. § 1692b.  Compl., ¶ 19.

       3.       15 U.S.C. §§ 1692e(5) and 1692e(10)

15 U.S.C. §§ 1692e(5) and 1692e(10) provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .

> (10) The use of any false representation or deceptive means to collect or attempt to collect        any debt or to obtain information concerning a consumer.

4

1   Plaintiff alleges that during the July 13, 2004, conversation with Plaintiff's grandmother,

2   Defendant stated that if Plaintiff failed to pay the alleged debt, he would be sent to jail.  Compl.,

3   ¶ 20.  Plaintiff alleges that these statements represent a threat that Defendant cannot legally take

4   or did not intend to take.  Compl., ¶ 21.

5   With the entry of default, this Court may accept the factual allegations of Plaintiff's

6   complaint as true to assess liability.  Based on Plaintiff's uncontested allegations, Plaintiff is

7   entitled to damages for the above violations.

8   C.   <u>Damages</u>

9   Plaintiff requests statutory damages in the amount of $1,000.00 for the above violations

10   of the FDCPA.  Decl. of Joshua B. Swigart, ¶ 4.  15 U.S.C. § 1692k provides:

11   (a) Amount of damages

12   Except as otherwise provided by this section, any debt collector who fails to comply with
     any provision of this subchapter with respect to any person is liable to such person in an

13   amount equal to the sum of–

14   (1) any actual damage sustained by such person as a result of such failure;

15   (2)(A) in the case of any action by an individual, such additional damages as the
     court may allow, but not exceeding $1,000; or . . .

16

17   (b) Factors considered by court

18   In determining the amount of liability in any action under subsection (a) of this section,
     the court shall consider, among other relevant factors--

19   (1) in any individual action under subsection (a)(2)(A) of this section, the
     frequency and persistence of noncompliance by the debt collector, the nature of

20   such noncompliance, and the extent to which such noncompliance was
     intentional; or

21

22   (2) in any class action under subsection (a)(2)(B) of this section, the frequency
     and persistence of noncompliance by the debt collector, the nature of such

23   noncompliance, the resources of the debt collector, the number of persons
     adversely affected, and the extent to which the debt collector's noncompliance
     was intentional.

24

25   Based on Plaintiff's allegations, the Court finds that $1,000.00 in statutory damages is

26   proper.

27

28

D.   <u>Attorney's Fees and Costs</u>

Pursuant to 15 U.S.C. § 1692k(a)(3), Plaintiff requests $5,640.00 in attorney's fees and $375.88 in costs.  15 U.S.C. § 1692a(k)(3) provides:

> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

In support of his request, Plaintiff attaches the declaration of attorney Joshua B. Swigart. Plaintiff is entitled to the requested attorney's fees and costs, with the following exceptions. First, Plaintiff requests 5.4 hours for time spent drafting the complaint, yet given the straight-forward nature of the complaint and short fact-pattern, this is excessive.  The Court finds that 2.0 hours is reasonable for drafting the complaint.  Second, Plaintiff requests a total of .4 hours for tasks of a secretarial nature (i.e., "filing default", "mail copy of default") for which attorney's fees are not recoverable.  Plaintiff is therefore entitled to $4,595.00 in reasonable attorney's fees and $375.88 in costs.

## **RECOMMENDATION**

For the reasons discussed above, the Court RECOMMENDS to:

1.   GRANT Plaintiff's request to direct the Clerk to enter default;

2.   GRANT Plaintiff's motion for default judgment in favor of Plaintiff and against Defendant, in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692k;

3.   GRANT Plaintiff's request for attorney's fees in the amount of $4,595.00; and

4.   GRANT Plaintiff's request for costs in the amount $375.88.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


     IT IS SO ORDERED.

    **Dated:**    **September 19, 2005**                          **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE