IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF PUTHUFF,<br><br>                **Plaintiff,**<br>   v.<br><br>LEHAHAN LAW OFFICE,<br><br>                **Defendant.** | CV F 05-0617 AWI DLB<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |

Plaintiff brought suit against Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff filed a motion for default judgment on August 3, 2005. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On September 19, 2005, the Magistrate Judge entered findings and recommendations that the clerk make an entry of default, that the motion for default judgment be granted, and that Plaintiff be awarded $1,000, $4,595.00 in attorneys fees, and $375.88 in costs, all pursuant to 15 U.S.C. § 1692k. Plaintiff filed objections on September 21, 2005.

In his objections, Plaintiff argues that the Magistrate Judge should have recommended granting an additional $1,000 to Plaintiff pursuant to the California Rosenthal Fair Debt Collection Practices Act at California Civil Code § 1788.30. Specifically, Plaintiff argues that

the remedies of the California Fair Debt Collection Act are intended to be cumulative and in addition to any other remedies under any other provision of law.  Cal. Civ. Code § 1788.32.

In accordance with the provisions of 28 U.S.C. § 636(b)(1) this court has conducted a *de novo* review of the Magistrate Judge's findings of fact and conclusions of law.  28 U.S.C. § 636(b)(1); Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995); Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  The Magistrate Judge noted that Plaintiff requested damages in the motion for default judgment under Civil Code § 1788.30, but concluded that Plaintiff's complaint did not contain a cause of action under California law.  Although Plaintiff requested such damages in his motion for default judgment, Plaintiff's complaint: (1) contains factual allegations that are expressly tied to only federal law; (2) states a claim expressly only under 15 U.S.C. § 1692 under the "Causes of Action Claimed by Plaintiff" section; and (3) the Prayer for Relief requests only an award of statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2) and an award of costs and attorney's fees under 15 U.S.C. § 1692k(a)(3).  Indeed, the California Civil Code is not even mentioned in Plaintiff's complaint.  Instead, under the "Jurisdiction and Venue" section of the complaint, Plaintiff states that the action arises out of violations of the "Rosenthal Fair Debt Collection Practices Act," but then refers to this act as "FDCPA," which is exactly how he referred to 15 U.S.C. § 1692 in the very first paragraph of the complaint.  "As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint."  Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994); Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 693 (1st Cir. 1993); United States v. Di Mucci, 879 F.2d 1488, 1497 (7th Cir. 1989); see also Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (noting that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").  Plaintiff only alleged a cause of action under 15

vmd                                                                2

U.S.C. § 1692; thus, an award under California Civil Code § 1788.30 is not appropriate.  See Black, 22 F.3d at 1399; Medfit Int'l, 982 F.2d at 693; DiMucci, 879 F.2d at 1497; Alan Neuman, 862 F.2d at 1392.  Plaintiff's objection is overruled.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on September 19, 2005, are ADOPTED IN FULL;

2. The Clerk is directed to make an entry of default against Defendant;

3. Upon entry of default by the Clerk, Defendant's motion for default judgment in favor of Plaintiff and against Defendant will be GRANTED in part and DENIED in part in that:

   A. Plaintiff is awarded $1,000.00 pursuant to 15 U.S.C. § 1692k;

   B. Plaintiff is awarded attorney's fees in the amount of $4,595.00 pursuant to 15 U.S.C. § 1692k; and

   C. Plaintiff is awarded costs in the amount of $375.88 pursuant to 15 U.S.C. § 1692k; and

4. After entry of default, default judgment shall be entered as described above against Defendant.

IT IS SO ORDERED.

**Dated:   November 2, 2005**              /s/ Anthony W. Ishii
0m8i78                                     UNITED STATES DISTRICT JUDGE